UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD LEE FILER | Case No.: 19 CR 565-1<br><br>Hon. Steven C. Seeger |

**DEFENDANT EDWARD FILER'S NOTICE OF SUPPLEMENTAL AUTHORITY
RELATED TO RULE 12(b)(3)(B)(v) MOTION TO DISMISS**

Defendant Edward Filer, through undersigned counsel, respectfully submits this notice of supplemental authority related to his Rule 12(b)(3)(B)(v) Motion to Dismiss. Dkts. 279, 315, 356.

On August 16, 2024, another district court dismissed an overly expansive wire fraud prosecution based on *Ciminelli* and the principles underlying Mr. Filer's Motion. In *United States v. Gumrukcu*, No. 5:22-cr-00058, 2024 WL 3849963 (D. Vt. Aug. 16, 2024), the court dismissed a wire fraud scheme that alleged the defendants deprived a creditor of his "right to be paid money" by deceiving him about the funds available to pay the debt owed and the true nature of the defendants' business. *Id.* at *3. As here, *see* Dkt. 302, at 20–22, the government argued in *Gumrukcu* that the "money or property" of which the victim was deprived was the claim itself— his "chose in action," or his right to obtain the money owed. *Id.* at *6–7. Rejecting the government's overbroad interpretation of 18 U.S.C. § 1343, the court ruled that, while a right to be paid can sometimes constitute "money or property," a scheme that fails to allege the victim was actually deprived of its "chose in action," or "forced to give up or pay [anything] as the object of the fraud," is not wire fraud. *Id.* at *7.

The *Gumrukcu* court also cited *United States v. Adler*, 186 F.3d 574 (4th Cir. 1999), in which the Fourth Circuit affirmed a judgment of acquittal in a wire fraud case. The defendants in

*Adler* were alleged to have schemed to deprive an unsecured creditor of (1) its claim on the debt owed, i.e. its "chose in action," or alternatively, (2) its "property interest" in the defendants' assets arising out of its unsecured claim. *Id.* at 576–79. The court held that the object of the scheme alleged could not be the victim's "chose in action," as the creditor remained free to pursue its right to collect on the unsecured debt (and the victim did in fact initiate civil proceedings to recover what it was owed, like the Union did in this case). *Id.* The court also rejected the notion that the "chose in action on the unsecured debt created an *additional* property right in any funds needed to satisfy that debt." *Id.* at 579 (emphasis in original). Ultimately, the court concluded that "although [the defendants], by diverting substantial sums of that settlement to themselves, undoubtedly made it harder for [the victim] to obtain payment following a judgment on the chose in action, ***they did not deprive [the victim] of anything that [the victim] actually owned, because [the victim] did not have a property right in the particular settlement proceeds…***" *Id.* at 580 (emphasis added) (citing *United States v. Carman*, 577 F.2d 556, 564–65 (9th Cir. 1978)).

Dated: August 23, 2024  Respectfully submitted,

/s/ Eli J. Litoff
Ronald S. Safer
Robert H. Riley
Eli J. Litoff
Mary A. Laird
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn St., Suite 2200
Chicago, Illinois 60603
(312) 471-8700 (Telephone)
(312) 471-8701 (Facsimile)
rsafer@rshc-law.com
rriley@rshc-law.com
elitoff@rshc-law.com
mlaird@rshc-law.com

*Attorneys for Defendant Edward Filer*